1  RICHARD J. VAZNAUGH (SBN: 173249)
   LAW OFFICE OF RICHARD J. VAZNAUGH
2  1388 Sutter St., Ste 1000
   San Francisco, CA 94109
3  Telephone: 415-593-0076
   Facsimile: 415-673-5606
4  richvaz@cajoblaw.com

5  DAVID M. DERUBERTIS (SBN: 208709)
   THE DERUBERTIS LAW FIRM, PLC
6  4219 Coldwater Canyon Ave.
   Studio City, CA 91604
7  Tel:    818 761-2322
   Fax:    818 761-2323
8  David@deRubertislaw.com

9  Attorneys for Plaintiff
   ROSALIND LOPEZ
10

11 MICHAEL D. BRUNO (SBN: 166805)
   MICHAEL A. LAURENSON (SBN: 190023)
   GORDON & REES LLP
12 275 Battery Street, Suite 2000
   San Francisco, CA 94111
13 Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
14 mbruno@gordonrees.com
   mlaurenson@gordonrees.com
15
   Attorneys for Defendant
16 WAL-MART STORES, INC.

17                UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                       SAN JOSE DIVISION

| | |
|---|---|
| 20  ROSALIND LOPEZ, | CASE NO. CV11-01632 LHK |
| 21           Plaintiff, | SECOND STIPULATED REQUEST FOR DISMISSAL WITH PREJUDICE; ~~PROPOSED~~ ORDER |
| 22      vs. | |
| 23  WAL-MART STORES, INC. and DOES 1-20, inclusive. | Judge: The Hon. Lucy H. Koh |
| 24           Defendant. | Date of Removal: April 4, 2011 Trial Date: May 21, 2012 |

1

SECOND STIPULATION FOR DISMISSAL; ~~PROPOSED~~ ORDER                    Case No. CV11-01632 LHK

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

The Parties have heard the Court and understand the Court does not wish to delay the dismissal. As such, the Parties hereby request a dismissal with prejudice, and respectfully ask the Court to retain jurisdiction over this action for the purpose of resolving any disputes that may arise and be raised with the Court within the next 60 days in connection with the settlement agreement, its terms or the enforcement thereof.

The Parties have executed a formal written settlement agreement resolving this matter. However, if the matter is unconditionally dismissed with prejudice and there is an (unlikely) breach of the payment terms of the settlement agreement, the entire prejudice of dismissal would fall on Ms. Lopez, who would have no case and a broken settlement agreement requiring a new lawsuit to enforce it.

The Court's retaining jurisdiction over the parties to monitor and enforce the settlement in the event of a future dispute protects the Plaintiff from a potential risk of the settlement falling apart. Such oversight has been found to be appropriate in other matters to address similar concerns. See e.g. _Flanagan v. Arnaiz_ (9th Cir., 1998) 143 F.3d 540, 545.

In addition, the Parties Stipulate that based on the settlement, the current trial date and all pre-trial deadlines are moot and should be vacated.

So stipulated:

| | |
|---|---|
| DATED: May 7, 2012 | GORDON & REES |
| | By: /s/ Michael Bruno |
| | Michael D. Bruno |
| | Attorneys for Defendant |
| | WAL-MART STORES, INC. |
| DATED: May 7, 2012 | |
| | LAW OFFICE OF RICHARD J. VAZNAUGH |
| | THE DERUBERTIS LAW FIRM |
| | By: /s/ Richard J. Vaznaugh |
| | RICHARD J. VAZNAUGH |
| | Attorney for Plaintiff |

* * * * *

[~~PROPOSED~~] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 7, 2012

_____
HON. LUCY H. KOH
UNITED STATES DISTRICT JUDGE